THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT 
 BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR. 
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Charlotte Davis and Roy Davis, Jr.,       
Appellants,
 
 
 

v.

 
 
 
Barbara Jean Dacus and Unisun Insurance, Defendants
Of whom Barbara Jean Dacus  is the       
Respondent.
 
 
 

Appeal From Beaufort County
Thomas Kemmerlin, Jr., Special Circuit 
 Judge

Unpublished Opinion No. 2004-UP-521
Submitted September 15, 2004  Filed 
 October 14, 2004

AFFIRMED

 
 
 
James H. Moss, of Beaufort, for Appellant.
E. Mitchell Griffith, of Beaufort, for Respondent.
 
 
 

PER CURIAM: In this declaratory 
 judgment action, Charlotte and Roy Davis appeal from the trial courts grant 
 of summary judgment in favor of Barbara Jean Dacus.  We affirm. 
 [1] 
FACTS
Both parties stipulate to the following 
 facts of this case.  On November 23, 1998, Dacus was driving the Davises to 
 an appointment in Savannah, Georgia when they were involved in an automobile 
 accident. Dacus, an employee of the South Carolina Department of Social Services, 
 was driving a DSS vehicle and was acting within the course and scope of her 
 employment at the time of the accident.  
After the accident, the Davises filed suit 
 against Dacus and DSS, seeking recovery for injuries they sustained.  Dacus 
 moved to dismiss the case, arguing the complaint failed to state a cause of 
 action against her because she had immunity under the South Carolina Tort Claims 
 Act, S.C. Code Ann. §§ 15-78-10 to -200 (Supp. 2003).  The trial court agreed, 
 stating: The Defendant Dacus cannot be joined in this action.  If there is 
 some possibility of insurance coverage it must be established other than in 
 this law suit [sic]. 
Subsequent to that order, the Davises brought 
 this declaratory judgment action, asking the court to declare that Dacuss liability 
 and underinsured motorist coverage, provided by Unisun, is valid and binding 
 upon the insurance company and the insured, and requiring the insurance company 
 to pay amounts under the liability provision of the policy or the underinsured 
 motorist provisions of the policy.  Dacus and Unisun filed a motion for summary 
 judgment, arguing that because Dacus is immune from liability pursuant to the 
 Tort Claims Act, there could be no direct suit against her insurance company.  
 The trial court granted the motion.  The Davises filed a motion to reconsider, 
 which the trial court denied. This appeal followed.
STANDARD OF REVIEW
When reviewing the grant of a summary 
 judgment motion, the appellate court applies the same standard which governs 
 the trial court under Rule 56(c), SCRCP.  Baughman v. Am. Tel. & Tel. 
 Co., 306 S.C. 101, 114-115, 410 S.E.2d 537, 545 (1991).  Pursuant to Rule 
 56, SCRCP, summary judgment is proper when there is no genuine issue as to 
 any material fact and . . . the moving party is entitled to a judgment as a 
 matter of law.  In determining whether any triable issues of fact exist, the 
 evidence and all inferences which can be reasonably drawn from the evidence 
 must be viewed in the light most favorable to the nonmoving party.  Strother 
 v. Lexington County Recreation Commn, 332 S.C. 54, 61, 504 S.E.2d 117, 
 121 (1998) (citation omitted).
LAW/ANALYSIS
 The Davises argue the trial 
 court erred in granting summary judgment in favor of Dacus and her insurance 
 company.  Specifically, the Davises claim that the Tort Claims Act does not 
 prevent them from recovering under Dacuss automobile policy because the insurance 
 coverage is based in contract, and contractual liability is expressly excluded 
 from the Act.  We disagree.  
While section 
 15-78-20(d) of the Tort Claims Act does expressly exclude contractual liability 
 from immunity, there is no contractual relationship between the Davises and 
 Dacus or Unisun.  Rather, Dacuss liability to the Davises, if such liability 
 exists, would sound in tort.  However, we agree with the trial court that pursuant 
 to the Tort Claims Act, Dacus cannot be held personally liable for the Davises 
 injuries.  
The Tort 
 Claims Act bars civil suits against any employee of the State who is acting 
 within the scope of his or her employment at the time the tort occurs, unless 
 the employees actions constitute actual fraud, actual malice, intent to harm, 
 or a crime involving moral turpitude.  S.C. Code Ann. § 15-78-70(a)-(b).  Here, 
 there is no question that Dacus was acting within the scope of her employment 
 when the accident occurred, and there is no assertion that her actions constituted 
 actual fraud, malice, or intent to harm.  Thus, Dacus cannot be held personally 
 liable for the injuries the Davises suffered.  
Furthermore, as is 
 typical with personal automobile policies, Dacuss policy with Unisun only covers 
 injuries and property damage for which Dacus is legally responsible.  Because 
 Dacus cannot be held either personally liable to the Davises or legally responsible 
 for the Davises injuries or property damage, Unisun likewise has no responsibility 
 to the Davises.  We therefore find the trial court did not err in granting summary 
 judgment in favor of Dacus and Unisun. 
 AFFIRMED.
HEARN, C.J., HUFF and KITTREDGE, JJ., 
 concur.  

 
 [1] We decide this case without oral argument pursuant 
 to Rule 215, SCACR.